for appellee.

## 66006. KEY v. THE STATE.

BIRDSONG, Judge.

DUI—Habitual Offender. Raymond Key was convicted by jury of driving under the influence of intoxicants on May 14, 1982, and as an habitual offender. He was sentenced to concurrent sentences of five years and twelve months but with four years probated plus a fine. The state proved intoxication and driving in such a condition by the testimony of the apprehending officer. To prove the habitual offender offense, the state introduced a certified copy of the Official Notice of Revocation of Key's driving privileges dated September 9, 1980. This letter was designed to inform Key his license had been revoked and that he was not to drive for five years. This revocation was based on four prior traffic violations. The letter was offered only to show that the state had formally declared Key an habitual offender and the terms of the revocation of his license. The state next introduced a certified copy of an Official Notice of Revocation showing personal service on Key accompanied by Key's signature reflecting an acknowledgment and receipt of such notice. By its third exhibit, a certified copy of the computer printout of Key's driving record, the state established that Key had been declared an habitual violator; that he had been informed of this status; and, that as of the time of his last arrest for driving under the influence, Key had not obtained a valid driver's license. Key brings this appeal enumerating as error the admission of the three documents to establish the habitual violator offense. *Held:*

Key argues as to Exhibits 1 and 3 that the listing of the numerous traffic violations placed his character into evidence and thus their admission over his objection was prejudicially harmful. As to Exhibit 2, he argues that he was denied the right of confrontation and cross-examination of the officer who ostensibly (as reflected on the certified document) served Key personally with the notice of revocation.

We reject both of these contentions. The printout and the notices of revocation were properly certified. Therefore all three documents were admissible as competent evidence in these criminal proceedings and as proof of the contents of the documents, including the declaration by the state that Key had been declared an habitual offender; revocation of his license, as well as the acknowledged notice

by Key of such status. *Noles v. State,* 164 Ga. App. 191, 193 (2) (296 SE2d 768); *Wallace v. State,* 158 Ga. App. 338 (1) (280 SE2d 385); *Magruder v. Cofer,* 153 Ga. App. 7 (3) (264 SE2d 506).

Moreover, the information in the original declaration of notice of revocation and the computer printout of Key's driving record contained and established facts essential to the conviction of the crime of being an habitual offender. Any additional facts contained therein were irrelevant. *Hester v. State,* 159 Ga. App. 642, 643-644 (2) (284 SE2d 659). There was no prejudice to Key by the admission of his entire driving record. He did not dispute being an habitual violator and the evidence conclusively established that status and that he was aware of it. Thus the irrelevant matter pertaining to traffic offenses on the printout as well as the original notice of revocation was superfluous. Since the evidence is that appellant was an habitual violator was overwhelming; therefore, it is highly probable they did not contribute to the verdict, and we will not reverse. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515); *Noles v. State,* supra, p. 193; *Beasley v. State,* 157 Ga. App. 94 (276 SE2d 144).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 5, 1983.

*Edgar A. Callaway, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, M. Ann Patterson, Assistant District Attorney,* for appellee.