## A89A0641. MILNER v. THE STATE.
### (382 SE2d 666)

DEEN, Presiding Judge.

The appellant, Grady Milner, was convicted of DUI, driving after being declared a habitual violator, and driving without proof of insurance.

On July 26, 1987, police were summoned to investigate a "fender-bender" automobile collision at a housing project. When the investigating officer arrived, several people were standing around the two vehicles, and the officer inquired as to who were the drivers. The appellant, who was noticeably intoxicated, responded that he was the driver of the vehicle that had struck the other, parked vehicle. A subsequent intoximeter test revealed a blood alcohol content of .29 grams percent. The appellant had no proof of insurance upon himself or in the car. The appellant had no driver's license because of his habitual violator status.

At trial, the appellant's wife testified that she had been driving the car at the time of the collision. She explained that she was not at the scene when the police arrived because she had returned to a laundromat to look for her purse, which contained her driver's license. *Held*:

1. The appellant contends that the trial court should have directed a verdict of acquittal on all charges because the only evidence of the appellant's guilt was his uncorroborated confession. The uncorroborated confession to which the appellant refers is his response to the investigating officer's initial inquiry about who were the drivers. The appellant's volunteering that he drove one of the cars was an admission, but it certainly did not constitute a confession. "While admissions are to be scanned with care and considered, along with other evidence, for what they are worth, it is not required that they be corroborated by other evidence, as are confessions to a crime. *Sheffield v. State*, 188 Ga. 1, 11 (9) (2 SE2d 657)." *Brown v. State*, 167 Ga. App. 851, 852-53 (307 SE2d 737) (1983). The evidence in this case authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt, and the trial court properly denied the appellant's motion for directed verdict of acquittal. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in not striking for cause a juror who was employed as a correctional officer. However, this correctional officer did not possess full police powers and had not conducted investigations outside of her correctional facility, and was not required to be stricken for cause. *Kent v. State*, 179 Ga. App. 131 (345 SE2d 669) (1986).

3. The trial court gave a standard jury instruction on voluntary intoxication as not being an excuse for any criminal act. We reject the

appellant's contention that this jury charge gives a jury the impression that it cannot give less weight to a statement made while drunk than to one made while sober.

4. The trial court admitted into evidence a copy of the appellant's entire driving record, which included about 20 traffic offenses that were committed more than five years before the offenses for which he was declared a habitual violator. The trial court overruled the appellant's objection that the extraneous data contained in the record served only to prejudice the jury. In similar situations, this court has repeatedly found no reversible error in the admission of the complete driving record despite its admission of such irrelevant other traffic offenses. *Beasley v. State*, 157 Ga. App. 94 (276 SE2d 144) (1981); *Hester v. State*, 159 Ga. App. 642 (284 SE2d 659) (1981); *Noles v. State*, 164 Ga. App. 191 (296 SE2d 768) (1982); *Key v. State*, 166 Ga. App. 546 (305 SE2d 20) (1983); *Harper v. State*, 175 Ga. App. 703 (334 SE2d 30) (1985). We do the same here.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 15, 1989 —
REHEARING DENIED MAY 31, 1989 — ▮▮▮▮▮

*Jones & Geeter, Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney, Al C. Martinez, Jr., Assistant District Attorney*, for appellee.