A91A0296. CASTELLON v. THE STATE.
(408 SE2d 493)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of possession of tools for the commission of a crime and seven counts of burglary. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdict.

1. The State tendered for admission into evidence several photographs of items that had been seized during a post-arrest search of appellant's home. At least one of the items in each of the photographs was identified as having been stolen in a burglary for which appellant was being tried. However, appellant objected to the admission of any

of the photographs, urging that they were inadmissible since all of the items therein had not been identified as having been stolen in a burglary for which he was being tried. The trial court's failure to sustain this objection to the admission of the photographs is enumerated as error.

"The fact that certain portions of a [photograph may have been] subject to objection will not prevent the [photograph] from being placed in evidence." *Kansas City Life Ins. Co. v. Williams*, 62 Ga. App. 707, 709 (9 SE2d 680) (1940). Upon the tender of demonstrative or documentary evidence, " 'part of which is admissible and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit it all.' [Cits.]" *State Farm Mut. Auto. Ins. Co. v. Rogers*, 105 Ga. App. 778, 781 (1) (125 SE2d 893) (1962). Accordingly, even assuming that certain items in the photographs may not have been shown to be directly relevant to appellant's instant prosecution, it was not error to fail to sustain the objection to the admission of the photographs in their entirety.

2. Appellant enumerates as error the trial court's giving of a charge on flight, urging that such a charge was not authorized by the evidence. In cases tried after January 10, 1991, "while the [S]tate may offer evidence of and argue flight, it shall be [reversible] error for a trial court in a criminal case to charge the jury on flight." *Renner v. State*, 260 Ga. 515, 518 (3b) (397 SE2d 683) (1990). However, the instant case was tried before that date. Accordingly, this enumeration of error must be addressed on the merits of appellant's contention that there was no evidentiary support for the giving of a charge on flight.

The evidence regarding the circumstances of appellant's arrest showed the following: Over a period of several weeks, a series of burglaries of ground-level apartments in the north Fulton County area had been committed during the late morning or early afternoon hours and a uniformed officer, who had been assigned to investigate, was patrolling on foot in an apartment complex wherein one of these burglaries had occurred. At approximately 11:20 a.m., the officer turned the corner of one of the apartment buildings and observed as appellant walked toward the door to a ground-level apartment at the other end of the building. When appellant was only several feet from the apartment door, the officer's radio "went off" and appellant's attention was first drawn to the presence of the officer. Appellant's immediate reaction was to turn away from the door to the apartment that had ostensibly been his destination and to start walking "extremely fast" in the opposite direction of the parking lot. The car that appellant entered matched the description of one for which the officer had been instructed to maintain a "lookout." Having been unable to confront appellant about his suspicious actions and vehicle before he

drove away, the officer followed in his patrol car. Appellant, with the officer following, then drove to the leasing office of the apartment complex, parked and went inside. The officer waited in his patrol car and radioed for assistance. Some minutes later, appellant exited the leasing office, got into his car and began to drive away. Before appellant could exit the apartment complex, however, another officer arrived and appellant was stopped. Appellant produced a driver's license showing that he did not live in the apartment complex and he told the officers that he still resided at the address shown on his license. Having determined that appellant did not live in the apartment complex, the officers then asked the purpose of his presence in the vicinity of the apartment building where he had originally been observed. Appellant made no direct response to this inquiry, but showed the officers a brochure that he had apparently obtained in the leasing office and stated that he was looking for an apartment to rent. When further inquiry was made about appellant's reason for originally being in the vicinity of a residential apartment building prior to his stop at the leasing office, he indicated that he did not understand the question and just pointed to the brochure. During this encounter, one of the officers observed, in plain sight on the passenger seat of appellant's vehicle, a bag and two large screwdrivers. The screwdrivers were of the type believed to have been used to commit the previous burglaries that were under investigation. Based upon their observations and appellant's evasive responses to their inquiries regarding his presence on the premises, the officers placed appellant under arrest for loitering or prowling in violation of OCGA § 16-11-36.

This evidence would authorize a finding that, upon being surprised by the sudden appearance of the uniformed officer, appellant chose to flee rather than to risk an immediate confrontation and, that upon being followed by the officer, he drove to the leasing office in an effort to establish an ostensibly reasonable explanation for his suspicious presence at the apartment complex. Accordingly, a charge on flight was not unauthorized. *Carter v. State*, 180 Ga. App. 269, 270 (2) (349 SE2d 19) (1986); *Cain v. State*, 178 Ga. App. 247, 249 (5) (342 SE2d 742) (1986).

3. Contrary to appellant's contentions, there was probable cause to arrest him for a violation of OCGA § 16-11-36. *Hansen v. State*, 168 Ga. App. 304, 306 (2) (308 SE2d 643) (1983). Accordingly, appellant's motion to suppress all subsequently seized evidence as the inadmissible product of his illegal arrest was correctly denied.

4. Appellant's enumeration of the general grounds is without merit. See *Howard v. State*, 186 Ga. App. 7 (366 SE2d 369) (1988); *Green v. State*, 158 Ga. App. 321 (1) (279 SE2d 763) (1981); *Shearer v. State*, 128 Ga. App. 809, 810 (3) (198 SE2d 369) (1973). The evidence, when construed most favorably for the State, was sufficient to

authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JULY 15, 1991 — 

*Mark V. Cloud*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Samuel W. Lengen, Richard E. Hicks, Assistant District Attorneys*, for appellee.