## A91A1371. PLUMM v. THE STATE.

(410 SE2d 352)

BIRDSONG, Presiding Judge.

Charles Palmer Plumm appeals his judgment of conviction of burglary and the sentence. He enumerates that the trial court erred in denying his motion for directed verdict and his motion for new trial because his pretrial statement was not corroborated as required by OCGA § 24-3-53. *Held*:

1. OCGA § 24-3-53 provides that "[a]ll admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction."

2. "[A] mere incriminating statement is made where the accused, though admitting to damaging circumstances, nonetheless attempts to deny responsibility for the crime charged by putting forward exculpatory or legally justifying facts. Thus, '[a] statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact' [cit.], and '[w]hen a person admits only some subordinate fact or series of facts *from which the jury may or may not infer guilt* and which would be true whether the main fact existed or not, there is no confession. . . .' A confession, as distinct from an incriminating admission, is a statement inconsistent with the possibility of accused's innocence of the crime charged: 'An admission of the main fact, from which the essential elements of the criminal act may be inferred, amounts to an admission of the crime itself. If the main fact is admitted with a qualifying exclusion of a necessary ingredient of the crime charged, the crime is not confessed.'" *Robinson v. State*, 232 Ga. 123, 126 (205 SE2d 210). Examining the pretrial statements of appellant, which were introduced in evidence, we conclude these statements, either alone or together, did not constitute a confession but rather were incriminating statements or admissions within the meaning of *Robinson*. It is not required that admissions or incriminating statements be corroborated as must confessions to a crime (*Sheffield v. State*, 188 Ga. 1, 11 (9) (2 SE2d 657); *Milner v. State*, 191 Ga. App. 726 (1) (382 SE2d 666); *Brown v. State*, 167 Ga. App. 851, 852 (1) (307 SE2d 737)). Nothing in the record establishes that the trial court failed to scan appellant's incriminating pretrial admissions with great care, as required by OCGA § 24-3-53.

3. "[O]n appeal of the overruling of a motion for directed verdict of acquittal made at the close of the state's case in chief, the reviewing court can consider all the [relevant] evidence in the case in determining whether the trial court erred in overruling the motion." *Bethay v. State*, 235 Ga. 371, 374 (1) (219 SE2d 743). Likewise, we can consider all the relevant evidence in the case in ruling on the pro-

priety of the trial court's denial of appellant's motion for new trial.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in this light reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the burglary offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 6, 1991.

*Kimel & Bloodworth, George L. Kimel*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Pamela D. South, Debra K. Turner*, Assistant District Attorneys, for appellee.