A92A0173. ATWELL v. THE STATE.
(419 SE2d 77)

BEASLEY, Judge.

Appellant was indicted on one count of child molestation, OCGA § 16-6-4 (a), one count of aggravated child molestation, OCGA § 16-6-4 (c), and one count of aggravated sodomy. OCGA § 16-6-2 (a). He was convicted of aggravated child molestation.

1. Appellant contends that the trial court erred in allowing the victim to testify with her back turned toward him.

The six-year-old victim was called as a witness but would not respond to questioning. After the remaining state's witnesses had testified, the prosecuting attorney informed the court that the victim had told him she was afraid of appellant. He asked if the court would allow her to testify facing the jury with her back to appellant. The court permitted it, but also permitted defense counsel to position himself on the side of the jury box so that he had a front view of the victim as she was testifying. Appellant was required to remain in his seat, so that the victim was visible to him and he could hear her testimony, but he could not look her in the eye.

Appellant argues that this violated his constitutional right to confront witnesses against him under the Sixth Amendment of the United States Constitution, as applicable to the states through the Fourteenth Amendment, and under Art. I, Sec. I, Par. IX of the Georgia Constitution of 1983.

A procedure such as that employed in this case to secure the testimony of victims in child sex-abuse cases does not violate the de-

fendant's federal confrontation rights. *Ortiz v. State*, 188 Ga. App. 532, 533 (2) (374 SE2d 92) (1988). As recognized in *Lingerfelt v. State*, 235 Ga. 139, 140 (218 SE2d 752) (1975), a case in which the federal right was construed: "Confrontation in a criminal trial really means the right to ask questions and secure answers from the witness confronted." Nor are the state constitutional rights to confrontation (and due process) infringed because, as quoted approvingly from *Wigmore* in *Denson v. State*, 150 Ga. 618, 622 (4) (104 SE 780) (1920), a case in which these state constitutional rights were construed: " '[T]he main and essential purpose of confrontation is to secure the opportunity of cross-examination.' " Defendant had the opportunity to, and did, thoroughly cross-examine the witness.

2. Appellant contends that the trial court erred in allowing the prosecuting attorney to cross-examine him in such a manner as to improperly inject his character in issue in violation of OCGA § 24-9-20 (b).

During his cross-examination of the victim, defense counsel elicited testimony from her that when she was two years old her family's house caught on fire because her father had been sniffing gas, and she and her mother then left him. Appellant later testified on direct examination that he had accidentally caused the fire after liquid gas which he had spilled on himself was ignited by the pilot light of a water heater, and his wife had left him because of his disfigurement as a result of the fire. In cross-examining appellant, the prosecuting attorney began asking him about the victim's testimony in regard to his sniffing gas. The defense objected, but the objection was overruled. Appellant then denied that he had sniffed gas or that his wife had left him as a result of his sniffing gas.

Appellant opened the door to such evidence through defense counsel's cross-examination of the victim and the testimony given by appellant on direct. Compare *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988); *Arnold v. State*, 193 Ga. App. 206, 207 (2) (387 SE2d 417) (1989).

3. Appellant contends that the trial court erred in charging the jury in the wording of the statute, OCGA § 16-6-4 (a), with respect to child molestation, since Count 1 of the indictment charged he unlawfully performed an immoral act upon the victim "by placing his penis between the said child's legs, with the intent to satisfy the sexual desires of said accused."

Since appellant was not convicted of child molestation under count 1, his complaint is moot. In any event, after charging the jury concerning the definition of child molestation, the trial court later charged the jury that it would be authorized to find appellant guilty as to a particular count or counts of the indictment only if it was found beyond a reasonable doubt that he committed the offenses al-

leged in a particular count or counts of the indictment in the manner set forth in the particular count or counts. Also, as noted in Division 4, infra, the court further clarified this point.

It is reversible error to instruct the jury that an offense may be committed in more than one manner when only one manner is alleged in the indictment, except where, as here, remedial instructions are given to limit the jury's consideration to the manner alleged. See *Mathews v. State*, 176 Ga. App. 394, 395 (4) (336 SE2d 259) (1985).

4. Appellant contends that the trial court erred in failing to give clarifying instructions to the jury concerning the requirement that it find appellant's guilt beyond a reasonable doubt.

Count 2 of the indictment charged appellant with aggravated child molestation by unlawfully performing an immoral act which did involve an act of sodomy upon the victim "by placing his penis into the said child's mouth, with the intent to satisfy the sexual desires of said accused."

The jury asked during deliberations for more instruction because of confusion resulting from the fact that Count 1 charged child molestation by placing the penis between the child's legs and Count 2 charged aggravated child molestation by placing the penis in her mouth. The court stated that it would recharge the jury that it would have to find that the offense committed did occur as alleged in the indictment. Defendant agreed to this recharge and suggested that the court also recharge the requirement that the jury's finding that the facts as alleged in the particular count of the indictment must be found beyond a reasonable doubt before a conviction is authorized.

The court did not recharge the requirement that the jury find guilt beyond a reasonable doubt but it did give clarifying instructions concerning the point of confusion. It did not commit reversible error in refusing to charge on other points. *Brannon v. State*, 163 Ga. App. 340, 341 (2) (295 SE2d 110) (1982), relied on by appellant, is inapposite, in that the recharge taken alone would not have left an erroneous impression in the minds of the jury as to the necessity of finding appellant guilty beyond a reasonable doubt. No erroneous impression was left in this case.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 1992.

*Moore & Davidson, W. Keith Davidson*, for appellant.
*Thomas C. Lawler III*, District Attorney, *Terry L. Lloyd, Debra K. Turner*, Assistant District Attorneys, *Michael J. Bowers*, Attor-

*ney General*, for appellee.