A92A1622. KIRKLAND v. THE STATE.
(424 SE2d 638)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of possession of a controlled substance, driving after having been declared an habitual violator, driving under the influence, driving without insurance, and two counts of causing serious injury by vehicle. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant moved to dismiss the indictment on the ground that it "was based solely on hearsay evidence. . . ." This motion to dismiss the indictment was properly denied. *Felker v. State*, 252 Ga. 351, 366 (2a) (314 SE2d 621) (1984). "It is not contended that there was no evidence introduced before the grand jury. . . . It has never been the practice in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." *Powers v. State*, 172 Ga. 1 (3) (157 SE 195) (1931). "A motion to quash an indictment because of insufficient evidence will not be entertained by the court, the question being one of fact for the [grand] jury." *Cox v. State*, 3 Ga. App. 609, 610 (3) (60 SE 283) (1908).

2. In one of the two counts charging appellant with causing serious injury by vehicle, it was alleged that appellant's act of driving under the influence had rendered the victim's left foot useless. In the other count, it was alleged that appellant's act of driving under the influence had rendered useless the right foot of the same victim.

Although appellant could be prosecuted on both of these counts, he could not be convicted and sentenced on both. The single instance of appellant's conduct in driving under the influence was "used up" in proving one of the counts and could not be used again as the predicate for a conviction and sentence on the other. See *Mitchell v. State*, 187 Ga. App. 40, 44 (4) (369 SE2d 487) (1988); *Davis v. State*, 186 Ga. App. 491, 492 (2) (367 SE2d 884) (1988). Compare *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373) (1989); *Talley v. State*, 164 Ga. App. 150, 153 (7) (296 SE2d 173) (1982), aff'd 251 Ga. 42 (302 SE2d 355) (1983). "There being error, this case must be remanded to the trial court for expunction from the record of the conviction and sentence on either [the] [c]ount [alleging the victim's left foot had been rendered useless by appellant's conduct in driving under the influence] or [the] [c]ount [alleging the victim's right foot had been rendered useless by that same conduct]." *Davis v. State*, supra at 493 (2).

3. In one of his enumerations of error, appellant urges that "[a] substantive hearing on the facts of each incident was required before similar transaction evidence could be admitted." However, the record shows that a hearing *was* held in the instant case. At that hearing, counsel for the State informed the court of the existence of appellant's prior convictions in neighboring counties for driving after having been declared an habitual violator and for driving under the influence. See *Houston v. State*, 187 Ga. App. 335, 337 (2) (370 SE2d 178) (1988); *Hall v. State*, 181 Ga. App. 92, 93 (1c) (351 SE2d 236) (1986).

At trial, appellant did not object to the admission of the evidence on the ground that the State had failed to demonstrate sufficient similarity. *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991). Compare *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991). Moreover, it appears that, standing alone, the face of the prior indictments would be sufficient to demonstrate similarity to those crimes for which appellant was being tried. See *Moore v. State*, 202 Ga. App. 476, 479 (2b) (414 SE2d 705) (1992); *Banks v. State*, 201 Ga. App. 266, 267 (1) (410 SE2d 818) (1991). Unlike assault or robbery or other crimes against the person or property of a victim and which can be committed under varying factual circumstances, the crimes of driving after having been declared an habitual violator and driving under the influence are essentially committed under the same factual circumstances. The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving while having the status of an habitual violator or while under the influence that establishes the commission of those crimes. A prior act of driving while having that status or while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. See *Blane v. State*, 195 Ga. App. 504 (1) (393 SE2d 759) (1990); *Simon v. State*, 182 Ga. App. 210 (1) (355 SE2d 120) (1987).

4. Appellant enumerates as error the trial court's failure to sustain objections to several questions propounded by counsel for the State to prospective jurors on voir dire.

" 'The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review.' [Cit.]" *Frazier v. State*, 138 Ga. App. 640, 643 (2c) (227 SE2d 284) (1976). The questions propounded in the instant case were calculated to determine whether the prospective jurors might harbor some prejudice against the State, and those questions could in no way have harmed appellant. See *Griffeth v. State*, 154 Ga. App. 643 (1) (269 SE2d 501) (1980).

5. The trial court did not err in allowing the investigating officer to remain in the courtroom after the rule of sequestration had been invoked. *Edwards v. State*, 171 Ga. App. 264, 265 (319 SE2d 101) (1984). Likewise, the trial court did not err in allowing the victim, who had been sequestered, to remain in the courtroom after she had given her testimony. *Watts v. State*, 200 Ga. App. 54, 56 (6) (406 SE2d 562) (1991).

6. Over appellant's objection, the trial court admitted photographs taken of the victim while she was hospitalized.

The seriousness of the victim's injuries was a relevant inquiry. There is no merit in appellant's contention that the photographs were inadmissible as being merely cumulative of the oral testimony regarding the extent of the victim's injuries. "[D]emonstrative evidence in the form of [photographs] can scarcely be deemed to be only cumulative of [witnesses'] merely oral testimony. [Cit.]" *Brinson v. State*, 201 Ga. App. 80, 81 (1) (410 SE2d 50) (1991).

The photographs do not evince any "further mutilation" of the victim, but merely the non-intrusive medical response, such as the placement of casts and bandages, to such mutilation as had been inflicted by appellant. Compare *Heard v. State*, 257 Ga. 1, 2 (2a) (354 SE2d 115) (1987). In any event, there is no contention that the photographs could easily have been cropped to mask all but the injuries sustained in the collision, and appellant did not so move. Compare *Heard v. State*, supra at (2a). Instead, appellant moved to exclude the photographs in their entirety. There was no error in admitting the photographs over this broad objection. "Upon the tender of demonstrative or documentary evidence, ' "part of which is admissible and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit it all." (Cits.)' [Cit.] Accordingly, even assuming that certain items in the photographs may not have been shown to be directly relevant to appellant's instant prosecution, it was not error to fail to sustain the objection to the admission of the photographs in their entirety." *Castellon v. State*, 200 Ga. App. 478, 479 (1) (408 SE2d 493) (1991).

7. The trial court did not err in allowing a physician to testify that, in his opinion, the victim faced the increased likelihood of developing arthritis as the result of the trauma suffered in the collision. *Central Truckaway System v. Harrigan*, 79 Ga. App. 117, 126 (5) (53 SE2d 186) (1949).

8. At the time of the collision, appellant was driving an automobile which had been leased to his mother. At trial, the trial court correctly overruled appellant's objection to testimony by the lessor regarding the terms and conditions upon which the automobile had been leased to appellant's mother. This testimony was relevant to establish whether appellant was an authorized driver of the leased auto-

mobile so as to have insurance coverage under the lessor's policy. Whether appellant had insurance coverage under the lessor's policy was obviously relevant to that count of the indictment charging him with having no insurance. "Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and if an item of evidence has a tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. [Cit.] Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. [Cit.]" *Lewis v. State*, 158 Ga. App. 586, 587 (1) (281 SE2d 331) (1981).

9. Over appellant's hearsay objection, a witness was properly allowed to testify as to statements made by the victim's five-year-old child at the scene immediately after the collision. The words spoken by the child were admissible as part of the res gestae and were not inadmissible simply because of his young age. *Grant v. State*, 124 Ga. 757, 759 (4) (53 SE 334) (1906).

10. During its direct examination of a nurse, the State sought admission of a record which had been made by the nurse herself. Appellant objected to the admission of the record, on the ground "that the best and highest evidence would be [the nurse's] testimony on this subject. . . . [S]he can testify to the record herself." The trial court did not err in overruling this objection. "That the person making a written statement is in court does not render the written statement made by him inadmissible. [Cit.]" *Creel v. State*, 216 Ga. 233, 235 (3a) (115 SE2d 552) (1960).

Appellant's further contention on appeal that the trial court erred in allowing the record to go out with the jury was not preserved for review. "Appellant's continuing objection against admission of this evidence did not reach the question of its going out with the jury. Here, the court properly permitted [the record] to go to the jury room in the absence of a proper objection. [Cits.]" *Sanders v. State*, 246 Ga. 42, 43 (2) (268 SE2d 628) (1980).

11. The passenger in appellant's vehicle was called as a witness for the State. When this witness testified that she had suffered "minor brain damage" in the collision, appellant objected on the ground that such testimony related to "another crime . . . another serious injury by motor vehicle crime that is not a crime charged [in the instant case]." This objection was properly overruled. " 'The [S]tate is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue.' [Cits.]" *Garrett v. State*, 188 Ga. App. 176 (1) (372 SE2d 506) (1988). " '[I]f the separate crime was committed as a part of the same transaction as that for which the

accused is being tried, and forms a part of the res gestae' it is admissible. . . . [Cit.]" *Presley v. State*, 177 Ga. App. 611, 613 (2a) (340 SE2d 253) (1986).

12. The evidence showed that, at the time of the collision, appellant had 3, 4-methylenedioxyamphetamine in his system and also had a quantity of that Schedule I controlled substance in his possession. At trial, the State proffered testimony by two expert witnesses that, in their knowledge and experience, the drug was a hallucinogenic which also caused certain physical effects in those who used it. Appellant objected to the introduction of this testimony on the ground that it related to properties of the drug which had not been disclosed by the State in the scientific report provided to him pursuant to his OCGA § 17-7-211 motion. The trial court correctly overruled appellant's objection. The expert witnesses were not testifying as to any undisclosed scientific test results of appellant's own bodily fluids. Compare *Durden v. State*, 187 Ga. App. 154, 155 (1) (369 SE2d 764) (1988), aff'd, 258 Ga. 720 (375 SE2d 610) (1988). They were merely testifying, as experts, on the characteristics of the drug that the disclosed scientific test results had shown to be present in appellant's system. Accordingly, their testimony was clearly admissible because it "did not originate in the [S]tate's investigation and preparation for trial, and merely constituted a portion of the body of scientific experience, training, and knowledge which [each witness] brought to the stand in his capacity as an expert, i.e., his expert qualifications." *State v. Mulkey*, 252 Ga. 201, 203 (2) (312 SE2d 601) (1984).

13. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal on the charge of driving without insurance. However, the evidence showed that appellant was operating a leased vehicle without insurance coverage under the lessor's policy. Appellant was further shown to be an habitual violator who could not legally operate any vehicle and who, thus, presumably had no personal policy of automobile insurance. The investigating officer testified that he had been unable to "obtain any documents or proof of insurance or indication that appellant had insurance. . . ." "In taking a common sense approach to this matter, [we conclude that] the jury was authorized to infer in the absence of evidence to the contrary that [appellant had no insurance] on the date of the offense." *Nash v. State*, 179 Ga. App. 702, 706 (6) (347 SE2d 651) (1986).

14. The State sought to introduce an habitual violator "package" of certified records of the Department of Safety. This "package" contained not only the official notice of the revocation of appellant's license, but also appellant's entire driving record. Appellant conceded the admissibility of the revocation notification, but objected to the remainder of the "package" as constituting "extraneous" material.

The trial court's refusal to sustain this objection to all but the revocation notification is enumerated as error.

The State's reliance upon *Milner v. State*, 191 Ga. App. 726, 727 (4) (382 SE2d 666) (1989) as authority for the proposition that the entirety of the "package" was admissible is misplaced. *Milner*, supra at 727 (4) merely holds that "this court has repeatedly found no *reversible* error in the admission of the complete driving record despite [the inclusion therein] of such irrelevant other traffic offenses. [Cit.]" (Emphasis supplied.) As the cases cited in *Milner* clearly demonstrate, this court has repeatedly found *error* in the admission of the complete driving record, but has nevertheless found that error to be *harmless* under the circumstances presented in those cases. "[I]t is notice of one's *status* as a non-licensed habitual violator, not the driving record underlying that status, that is an 'essential element' of [OCGA § 40-5-58] (c). Therefore, contrary to the [S]tate's assertions, appellant's entire driving record was 'immaterial' to appellant's prosecution under [OCGA § 40-5-58] (c)." *Hester v. State*, 159 Ga. App. 642, 644 (2) (284 SE2d 659) (1981). It follows that the trial court erred in failing to sustain appellant's objection to the admission of all but the revocation notification contained in the habitual violator "package." The issue thus becomes whether, under the circumstances of the instant case, this error mandates reversal or was harmless.

As to appellant's convictions for driving after having been declared an habitual violator and driving under the influence are concerned, the error was harmless. Independent evidence of appellant's prior convictions for those offenses was otherwise admitted as similar transactions. See Division 3. *Head v. State*, 246 Ga. 360, 363 (7) (271 SE2d 452) (1980); *Hester v. State*, supra at 644 (2). Accordingly, the listing of those prior offenses in the "package" was merely cumulative of that independently admitted similar transaction evidence. Moreover, the record demonstrates that there was overwhelming evidence of appellant's guilt of driving after having been declared an habitual violator and of driving under the influence. *Key v. State*, 166 Ga. App. 546, 547 (305 SE2d 20) (1983); *Hester v. State*, supra at 644 (2); *Beasley v. State*, 157 Ga. App. 94, 95 (276 SE2d 144) (1981).

Appellant's conviction for causing serious injury by vehicle was predicated upon his act of driving under the influence. Since the error in admitting the entirety of the "package" was harmless as to appellant's underlying conviction for driving under the influence, it follows that the error was likewise harmless as to his conviction for causing serious injury by vehicle.

Insofar as appellant's convictions for possession of a controlled substance and driving without insurance are concerned, "[w]e fail to see how [appellant] could have been prejudiced by the admission of the entire driving record." *Noles v. State*, 164 Ga. App. 191, 193 (2)

(296 SE2d 768) (1982). Appellant's prior driving record could have no prejudicial bearing on his conviction for the non-traffic-related drug possession offense. Moreover, the evidence as to appellant's guilt of that offense was overwhelming. Although driving without insurance is a traffic offense, there appears to be nothing in appellant's prior driving record which could have had a prejudicial bearing on his conviction for this offense and appellant suggests nothing. Accordingly, "[t]he irrelevant matter on the printout was thus superfluous and could not have contributed to the verdict. [Cits.]" *Noles v. State*, supra at 193 (2).

Accordingly, "[w]e do the same here[,]" as we did in *Milner*, supra at 727 (4), and find no *reversible* error in the trial court's failure to sustain appellant's valid objection to the admission of the entirety of the habitual violator "package." However, we would caution that our holding should *not* be construed as authority for the State to seek to introduce and for the trial courts of this state to admit such irrelevant evidence. We will not hesitate to reverse convictions where the admission of a defendant's entire driving record is prejudicial and not clearly harmless.

15. The trial court did not err in refusing appellant's request to charge on the "voluntariness" of his consent to a scientific testing of his bodily fluids. Pursuant to OCGA § 40-5-55, appellant had already voluntarily consented to the testing, as a matter of law, through his act of operating a motor vehicle in this state and the only relevant inquiry was "whether the officer told [appellant] of his implied consent rights in a timely fashion ([cits.]), and whether [appellant] revoked the implied consent. [Cit.]" *State v. Highsmith*, 190 Ga. App. 838, 839 (380 SE2d 272) (1989).

16. It is clear that a separate conviction for driving under the influence can merge into a conviction for first degree vehicular homicide and, for the same reason, appellant's separate conviction for driving under the influence must be deemed to have merged into his conviction for causing serious injury by vehicle. See *Duncan v. State*, 183 Ga. App. 368, 370 (5) (358 SE2d 910) (1987).

17. Appellant enumerates as error the trial court's refusal to charge on reckless conduct as a lesser included offense of driving under the influence.

Appellant's only conduct at issue is his operation of a vehicle. By virtue of its codification in Article 15 of Title 40, reckless driving is as "serious [a] traffic offense" as driving under the influence. However, as defined in OCGA § 40-6-390 (a), reckless driving requires proof of a specific *act* which evidences a "reckless disregard for the safety of persons or property. . . ." See *Whiteley v. State*, 188 Ga. App. 129, 132 (5) (372 SE2d 296) (1988). Driving under the influence, on the other hand, requires no proof of such a specific act, but proof of a

general intoxicated *condition. Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268) (1990). Considering that the elements are different and that both reckless driving and driving under the influence are equally "serious traffic offenses," it would appear that they are entirely separate and distinct crimes and that neither can *ever* be considered a *lesser included* offense of the other, as either a matter of law *or* of fact.

However, we need not determine in the instant case whether reckless driving can ever be considered a lesser included offense of driving under the influence. Either reckless driving *or* driving under the influence can be the predicate offense for a conviction for causing serious injury by vehicle. OCGA § 40-6-394. Accordingly, it is ultimately immaterial whether reckless driving can be a lesser included offense of driving under the influence and should have been charged in the instant case. Even if such a charge had been given and a verdict of guilty of reckless driving had been returned, appellant would be entitled to no relief other than that already afforded him under our holding in Division 16. Under the facts of this case, a separate conviction for reckless driving would merge into the conviction for causing serious injury by vehicle. Since a failure to charge on reckless driving as a lesser included offense of driving under the influence would not affect the conviction for the greater offense of causing serious injury by vehicle, the issue is moot.

18. In one instance during its original charge, the trial court inadvertently referred to "the accident" rather than to "the incident." The trial court recalled the jury and gave a recharge to correct this slip of the tongue. On appeal, appellant urges that the trial court erred in failing also to recharge the jury on his defense of "accident" under OCGA § 16-2-2.

The purpose of the recharge was not to repeat an instruction previously given in the original charge. The purpose was to correct an erroneous slip of the tongue made in the original charge. Accordingly, the jury was not given the same charge twice. Instead, the jury was given the correct charge once. Compare *Brannon v. State*, 163 Ga. App. 340, 341 (2) (295 SE2d 110) (1982). The recharge did not relate to a point favorable to the State. It corrected a slip of the tongue made in the context of a charge on a neutral evidentiary issue. See *Taylor v. State*, 195 Ga. App. 314, 315 (2) (393 SE2d 690) (1990). Compare *Brannon v. State*, supra at 341 (2). "[T]he recharge taken alone would not have left an erroneous impression in the minds of the jury as to . . . appellant['s defense of accident]. No erroneous impression was left in this case." *Atwell v. State*, 204 Ga. App. 187, 189 (4) (419 SE2d 77) (1992). See also *Dyer v. State*, 167 Ga. App. 310, 311 (3) (306 SE2d 313) (1983).

19. The judgments of conviction and sentences for driving under

the influence and for one of the two counts of causing serious injury by vehicle are reversed. The judgments of conviction and sentences for possession of a controlled substance, driving after having been declared an habitual violator, driving without insurance, and for the other of the two counts of causing serious injury by vehicle are affirmed.

*Judgments affirmed in part and reversed in part. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 28, 1992.

*William T. Hankins III*, for appellant.

*David McDade, District Attorney, Aaron S. Weinstein, William H. McClain, Assistant District Attorneys*, for appellee.