## A93A1641. CASORIA v. THE STATE.
(435 SE2d 678)

BIRDSONG, Presiding Judge.

Vincent Antonio Casoria was charged with two counts of aggravated assault upon a police officer, driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1), fleeing and attempting to elude, and having no insurance. He was acquitted of the aggravated assault charges; the court directed a verdict of "not guilty" as to the no insurance count. But appellant was convicted of DUI and fleeing to elude. His sole enumeration of error is that the trial court erred in admitting in evidence two prior DUI convictions as similar transaction evidence.

Appellant salesman met a customer at a Holiday Inn; appellant was in the lounge for "quite a while" and consumed alcohol.

The manager testified, based on 19 years experience as lounge manager, and having seen individuals in various stages of intoxication, that appellant was so intoxicated that "when he got up off the stool he stumbled and he would slur his words." Appellant was also staggering. The manager also testified that he would not have offered to put appellant into two cabs and to pay for them if he had "thought he'd been able to drive."

Appellant, who claimed he was fearful of the police due to witnessing the prior fatal shooting of his neighbor by sheriff's deputies, initially yielded to the blue light signal; however, appellant fled when the officer approached him with his revolver exposed to view. During the pursuit, appellant swerved his car toward a police car a couple of times to prevent it from passing him and at one point collided with a police car. After a brief chase, during which appellant "picked up speed and began to go south . . . in a reckless manner and a high rate of speed" weaving his car from left to right, he was pulled from his car, handcuffed, sprayed with a cayenne pepper-based substance known as "Cap-Stun" when he resisted arrest.

At trial and over repeated objection, testimony and documentary evidence of appellant's two prior DUI convictions were introduced.

Pursuant to USCR Rule 31.1 and 31.3, the State entered a written motion to present evidence of similar occurrence and requested a hearing prior to trial. A hearing was conducted and the evidence was ultimately admitted. *Held*:

We find controlling *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638). Compare *Simon v. State*, 182 Ga. App. 210 (2) (355 SE2d 120). Appellant did not contest that he was the perpetrator of the prior DUI convictions, and the record establishes sufficient similarity even under the standards of *Simon*, supra. The State advised the court before the evidence was introduced that the similar transaction evidence was being offered to show appellant's "common scheme,

his driving under the influence in the same locations, in Whitfield County around the Holiday Inn and then on South 41 at Brickyard and at Threadmill, down in that same area"; it was also offered to show motive and a course of operation (driving modus operandi) of appellant. The State affirmatively stated on the record that the offenses were not being introduced merely to show that "since [appellant's] done it one time he's going to do it again the next time." The court took the motion to exclude this evidence under advisement and subsequently entered a preliminary ruling (prior to allowing the evidence to go before the jury) that there existed sufficient similarity between the prior incidents and this incident. The court's preliminary findings included that all incidents occurred on the same route and occurred either in late evening or early morning. It further included that one of the prior incidents involved the same vehicle (a Firebird) and in the other instance, appellant was driving a Ford Thunderbird; none of the prior incidents was unduly remote in time, the earliest DUI offense being only 22 months prior to the case at bar and the most recent being 16 months earlier. The court further elicited from appellant's counsel a statement on the record agreeing that there exists no dispute concerning identity in either of the prior incidents. Additionally, the court stated on the record, without contradiction by appellant's counsel, that appellant's defense would involve the defendant's motive in fleeing from the officers, and that the evidence of prior similar transactions also was relevant as to motive. The preliminary findings of the trial court were substantially supported not only by the State's statement of expected testimony but by evidence of record presented in the presence of the jury. We find no error, prejudicial or otherwise, in the admission of this evidence.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 19, 1993 —
RECONSIDERATION DENIED SEPTEMBER 15, 1993

*Waycaster, Corn & Morris, Marcus R. Morris*, for appellant.
*Jack O. Partain III, District Attorney, Kurt A. Kegel, Bert Poston, Assistant District Attorneys*, for appellee.