## A97A0286. DRUITT v. THE STATE.
### (483 SE2d 117)

ELDRIDGE, Judge.

A Cobb County jury found appellant William Druitt guilty of the offenses of DUI — less safe driver, driving without a license, and failure to maintain a lane. The trial court denied appellant's motion for new trial thereon, and he appeals. We affirm.

At 2:30 a.m., a Cobb County police officer, who was routinely "running radar" northbound from a position on Interstate 75 south of Chastain Road in Cobb County, received a CB radio transmission which stated, "Any smoky bear, any smoky bear in the area, there's a Jeep Cherokee weaving in and out . . . weaving on the roadway." Within two minutes, the police officer spotted a Jeep Cherokee traveling in the center lane of the three northbound lanes. The officer fell in behind the Jeep and followed it; the vehicle twice drifted over into the lane right of center and then corrected itself. The police officer activated his blue light, and pulled the Jeep over.

Immediately upon approaching appellant, the officer noticed the "strong, strong odor of alcohol coming from the vehicle" and that appellant's speech was "very slurred." Appellant, who was still behind the wheel, did not have a driver's license. The officer asked appellant to take several field sobriety tests, and he agreed to do so. In addition, the officer conducted an alco-sensor test. Based upon the totality of the circumstances, which included appellant's unsatisfactory performance on the majority of the administered field sobriety

tests and a positive result on the alco-sensor test, appellant was placed under arrest.

At trial, in addition to the police officer's testimony, the state introduced against appellant two similar transactions: an April 14, 1990 Gwinnett County arrest for DUI, wherein appellant was initially stopped for weaving between lanes, to which DUI offense appellant entered a nolo plea; and a January 22, 1991 DeKalb County arrest for DUI, wherein appellant was initially questioned for running his car over the top of a retaining wall, to which DUI offense appellant entered a guilty plea. *Held:*

1. Appellant first challenges the admission of the similar transaction evidence by alleging a veritable smorgasbord of error: (1) the state failed to properly identify the purpose for the admission of the similar transaction evidence; (2) the Gwinnett County similar transaction witness failed to properly identify appellant as the perpetrator of the independent offense; (3) the state failed to prove sufficient similarity between the independent offenses and the offense charged; (4) the trial court erred in permitting the state to introduce certified copies of the prior Uniform Traffic Citations (UTCs); and (5) the trial court erred by permitting the state to redact the prior UTCs to remove references to blood alcohol levels and sentences. In turn, we address each allegation as follows:

(1) In the case sub judice, the state offered the similar transaction evidence for a proper purpose, i.e., course of conduct and bent of mind, pursuant to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), and properly articulated that purpose at the Rule 31.3 hearing. *Kirkland v. State*, 206 Ga. App. 27, 28 (424 SE2d 638) (1992). Further, the trial court correctly determined that the state's purpose for the introduction of the similar transaction evidence was appropriate, and properly instructed the jury thereon in the final charge. There was no error.

(2) While the Gwinnett County similar transaction witness was not able to identify appellant in the courtroom during trial, the state offered sufficient evidence that appellant was the perpetrator of that independent offense. "Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it." (Citation and punctuation omitted.) *Gunter v. State*, 215 Ga. App. 517, 518 (451 SE2d 108) (1994). The state offered evidence that appellant's driver's license number and date of birth were the same in both the Gwinnett County case and the case-in-chief. In addition, during the *Williams* hearing, appellant did not dispute that he was the perpetrator of the Gwinnett County offense to which he pled nolo. This evidence was sufficient to demonstrate that appellant was the perpetrator of the independent offense. There was no error.

(3) The state showed sufficient similarity between the independent offenses and the offense charged. "[D]riving under the influence [is] essentially committed under the same factual circumstances. The type of vehicle driven or the degree or source of intoxication may vary, but it is the simple act of driving . . . while under the influence that establishes the commission of [that] crime. A prior act of driving . . . while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct." *Kirkland*, supra at 28; *Casoria v. State*, 210 Ga. App. 269 (435 SE2d 678) (1993). There was no error.

(4) The introduction of certified copies of the prior UTCs was proper. UTCs, such as those introduced in the case sub judice, serve as formal indictments or accusations in the prosecution of the crimes alleged therein. *Weaver v. State*, 179 Ga. App. 641 (347 SE2d 295) (1986); see also *State v. Gerbert*, 219 Ga. App. 720, 726 (467 SE2d 177) (1995) (Beasley, C. J., concurring in part and dissenting in part). Such instruments of prosecution are admissible as evidence of similar transactions, along with additional evidence of similarity. *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). There was no error.

(5) The trial court properly redacted the UTCs in order to remove references to the prior sentences. "[T]he better method would be not to admit the sentence in a prior offense where a similar transaction is involved[.]" *Weaver v. State*, 206 Ga. App. 560, 561 (426 SE2d 41) (1992). Appellant is incorrect in his contention that "[t]he argument would be Appellant's to make if he did not want certain information concerning prior similar transactions to go to the jury." The information which appellant contends should have gone to the jury was irrelevant and thus, was properly redacted by the trial court in order to prevent the jury's consideration thereof, despite appellant's argument to the contrary. OCGA § 24-2-1; *Hunt v. State*, 204 Ga. App. 799, 800 (420 SE2d 656) (1992).

Further, the trial court properly redacted the UTCs to remove information concerning appellant's prior blood alcohol levels in the similar transaction cases. This specific, numerical information regarding blood alcohol content was irrelevant to demonstrate any similarity or lack thereof with regard to the present offense for which appellant was prosecuted, DUI — less safe driver, wherein a specific blood alcohol content is unnecessary to prove the offense. Both error and harm must be shown affirmatively to warrant reversal on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (442 SE2d 901) (1994). As appellant has shown neither, there was no error.

In short, appellant's allegations concerning the admission of the similar transaction evidence are without merit.

2. In his next enumeration of error, appellant challenges the

admissibility of the field sobriety tests; appellant contends that in order for field sobriety tests to be admissible, there must be foundational testimony regarding the acceptance of field sobriety tests in the scientific community and testimony from the police officer regarding the officer's medical training "which would enable him to interpret the field sobriety tests." These issues have been decided adversely to appellant. *Hawkins v. State*, 223 Ga. App. 34 (476 SE2d 803) (1996); see also *State v. Pastorini*, 222 Ga. App. 316 (474 SE2d 122) (1996). Moreover, field sobriety tests, like any other form of testing, "may be subject to human error in its administration or interpretation; however, such potential for error does not impact on the validity . . . such evidence would relate to weight rather than admissibility." *Hawkins*, supra at 38; see also *Lattarulo v. State*, 261 Ga. 124, 126 (401 SE2d 516) (1991). The burden would be on the party raising objection to show error in the administration or interpretation of the tests. *Hawkins*, supra at 38.[1] In the case sub judice, there was no error.

3. In his next enumeration of error, appellant contends that he was denied a thorough and sifting cross-examination of the arresting officer; appellant contends that this occurred when the trial court did not permit appellant to ask the officer to perform the one-leg stand field sobriety test a second time. However, we find that the trial court correctly determined that appellant's request for a repeat performance of the one-leg stand, this time using the other leg, exceeded appellant's initial rationale for the officer's exhibition: a "demonstration" of the test. Instead, appellant was attempting to prove that the officer could not do the test. Whether the officer could perform the test was irrelevant, and such evidence was properly omitted. OCGA § 24-2-1. There was no error.

4. Next, appellant contends that the trial court erred in its charge to the jury on circumstantial evidence. We disagree. The trial court thoroughly charged the jury on the statutory provisions concerning direct and circumstantial evidence, including the principles contained in OCGA § 24-4-6. Moreover, we find that the trial court's attempt to explain the difference between direct and circumstantial

---

[1] At oral argument, appellant argued that the officer's reference to field sobriety tests as "divided attention" tests, in itself, demonstrated an expertise for which no foundation was laid as to where the officer learned the term or obtained such knowledge; that the officer's testimony as to the fact that field sobriety tests divide a subject's attention between two tasks is beyond mere personal observation. We disagree. Appellant has failed to demonstrate to this Court that it is beyond "common sense" and "common experience" to be aware that saying the "ABCs" while standing on one leg requires a person to do two things at one time. *Hawkins*, supra at 36. Appellant has the burden, on cross-examination, to cast doubt upon the notion that such a division of attention is an effective tool for the detection of alcohol or drug impairment.

evidence in layman's terms, using "snow" as an illustration, was proper, correctly illustrated these evidentiary concepts, neither confused nor misled the jury, and in no manner resulted in an unfair statement of the law. There was no error.

5. Finally, appellant challenges the sufficiency of the evidence supporting his conviction. "On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Ogletree v. State*, 211 Ga. App. 845, 847 (440 SE2d 732) (1994). In the case sub judice, the evidence introduced at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses of DUI — less safe driver, driving without a license, and failure to maintain a lane. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There was no error.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1997 —
RECONSIDERATION DENIED MARCH 5, 1997 — 

*Wallace C. Clayton, Amelia G. Pray*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, John S. Morgan, Barry E. Morgan, Assistant Solicitors*, for appellee.