A02A0638, A02A0639. McCARROLL v. THE STATE (two cases).
(559 SE2d 87)

ELDRIDGE, Judge.

A Gwinnett County jury found Kinshante McCarroll guilty of two counts of armed robbery and two counts of possession of a firearm during the commission of a felony; these charges arose when, armed with a pistol, McCarroll and a co-defendant, Donny Lavon Davis, robbed a Conoco convenience store and, several days later, robbed a Texaco convenience store. Separately, a second Gwinnett County jury found McCarroll guilty of two counts of aggravated assault arising from an incident wherein McCarroll and a co-defendant, Rodney Robinson, beat a man named Willie Lawrence about the head with a board and shot him with a handgun. Although unrelated, we consolidate these two cases for purposes of judicial economy and affirm McCarroll's conviction on each.

1. *Case No. A02A0638 (Two Counts of Armed Robbery and Two Counts of Possession of a Firearm During the Commission of a Crime).*

---

[10] (Punctuation and footnote omitted.) *Mathis v. State,* 250 Ga. App. 500 (552 SE2d 97) (2001).

In his sole enumeration of error, McCarroll contends the evidence was insufficient to support his conviction of the offenses as charged, primarily because the individual victims of the two armed robberies were unable to identify either McCarroll or his codefendant, Davis, as the masked perpetrators of the robberies.

In an unpublished opinion, we affirmed the conviction of McCarroll's co-defendant, Davis.[1] In so doing, this Court thoroughly reviewed the facts of this case under the standard of *Jackson v. Virginia*[2] and determined that a rational trier of fact could have found both McCarroll and Davis guilty beyond a reasonable doubt of the offenses for which they were convicted. Our second review of the facts only enhances the strength of this position, as evidence of McCarroll's guilt is even stronger than that of Davis and includes a tape-recorded admission of guilt by McCarroll, as well as testimony from McCarroll's girlfriend that he told her he committed both robberies with Davis. For purposes of this appeal, we cite in pertinent part the sufficiency of the evidence review contained in Division 1 of this Court's unpublished opinion in *Davis v. State* and, in doing so, reaffirm its central holding.

Davis first challenges the sufficiency of the evidence. Construed in favor of the verdict, evidence was presented that two gas stations in Gwinnett County were robbed on March 3 and March 7, 1997. The first victim, who was Korean, testified through an interpreter. He testified that he owned a Conoco station on Beaver Ruin Road and that on the night of March 3, 1997, while he was counting money at the counter, two men dressed in black clothes and wearing black masks entered the station. One, who was carrying a gun, approached the counter, while the other stood near the door. The man with the gun jumped over the counter and took approximately $400. The two men left the store, and the owner called the police.

Evidence also was presented that on March 7, a Texaco station located on Satellite Boulevard was robbed. The robbery was captured on video by a video surveillance system. The tape was admitted into evidence over Davis's objection, and one of the investigating officers described the events occurring on the tape, as it was played. He stated that one suspect entered the store and pointed a pistol at the clerk and then another suspect entered the store. One of the suspects pulled himself over the counter, pointed a pistol at the

---

[1] *Davis v. State*, 248 Ga. App. XXVI (2001).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

clerk, and took money from the register. The two men, dressed in dark clothes and wearing masks, then left the store.

Davis's former girlfriend, Inderia Kelly, testified that Davis lived with her in her apartment in Doraville for about three weeks in March 1997. She stated that one night during that time, he and his friend [appellant] Kinshante McCarroll came into her apartment and told her they had just come "from hitting a lick at the Conoco." She understood this to mean that they had robbed the Conoco. The two men began counting the money, and McCarroll complained that "it wasn't enough money." Kelly thought they had stolen approximately "a hundred-and-some-odd dollars." She stated that both men were wearing all black. Kelly also testified that the two men planned to rob the Conoco again but were unable to do so because of "cop cars circling the area." Kelly stated that she had previously seen McCarroll "sandpapering . . . down" a handgun and that Davis had once brought a handgun into her apartment.

McCarroll's former girlfriend, Marie Hedger, testified as well. She stated that McCarroll moved in with her and her family a short time after they moved to Norcross in February 1997. According to Hedger, sometime after McCarroll moved in with her but before March 14, 1997[,] when a search warrant was executed in her home, he told her that he and Davis had robbed a Conoco. He described the clerk to her as "a Chinese man." McCarroll told Hedger that they had "hit a lick" and explained to her that this meant they had committed a robbery. He also told her that he and Davis had robbed a Texaco on Satellite Boulevard. According to Hedger, McConnell [sic] told her basically the same thing about both incidents — that Davis had held "the gun and that he had asked for the money." Hedger stated that McCarroll was wearing black clothes on the evenings he went out with Davis. She also identified a large silver ring belonging to McCarroll. The investigating officer who described the videotape of the Texaco robbery stated that one of the suspects wore a large, silver ring and identified the ring in evidence as consistent with the ring he observed in the videotape. [In addition, descriptions from both the robbery victims established that the perpetrators wore black clothes, and a black hooded jacket consistent with that worn by one of the perpetrators was recovered from McCarroll's residence.]

The same police sergeant investigated both robberies.

Through the use of a microphone and a receiving device, on March 11, 1997, he listened to a conversation between McCarroll and his friend Tonya Pate.[3] From a location about 100 [yards] away, he observed the two talking with one another. Among other things, they discussed the armed robberies. When asked by Pate whether he was worried about being caught, McCarroll responded that he had worn a mask and the only way he could get caught was if someone told on him. The officer testified that when Pate asked McCarroll particularly about the Conoco station robbery, he responded that "he robs who he wants to rob." . . . Given the incriminating statements made by Davis and McCarroll, other testimony at trial corroborating the descriptions of the clothing worn by the perpetrators, as well as evidence concerning McCarroll's taped conversation with Tonya Pate, we cannot agree with Davis that the State failed to meet its burden under the standard of *Jackson v. Virginia*, [supra].[4]

2. *Case No. A02A0639 (Two Counts of Aggravated Assault).*
As above, McCarroll's sole challenge on appeal is to the sufficiency of the evidence supporting his conviction. In that regard,

[o]n appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[5]

With these principles in mind, the evidence of record shows that McCarroll and several of his friends decided to steal marijuana from the victim, Lawrence.[6] Under the guise of purchasing the drug, McCarroll and his co-defendants arranged a meeting place with the victim. After arrival at the designated spot and discussion with several of the female members of McCarroll's group, the victim began to "bag" the requested amount of marijuana; he exited his car in order to effectuate delivery. At this point, McCarroll and another male, both of whom had remained hidden, came up behind the victim and began to beat him about the head with wooden boards. The victim fell back into his car and retrieved a gun from under the driver's seat.

---

[3] Pate had agreed to wear a wire during her conversation with McCarroll.
[4] (Footnote omitted.) *Davis v. State,* supra at unpublished opinion pages 1-6 (1).
[5] (Citation omitted.) *Plumm v. State,* 201 Ga. App. 154, 155 (3) (410 SE2d 352) (1991).
[6] McCarroll was indicted with five co-defendants, Rodney Robinson, Lamar Whitney, Inderia Kelly, Sabrina Ross, and Abbrea Askew. All of the co-defendants pled guilty, and several of them testified against McCarroll at trial.

McCarroll grabbed the weapon from the victim's hand, while his accomplice continued to beat the victim. McCarroll then shot the victim twice. Viewing this evidence in the light most favorable to uphold the jury verdict in this case, we find the evidence sufficient to authorize a rational trier of fact to find McCarroll guilty beyond a reasonable doubt of two counts of aggravated assault.[7]

*Judgments affirmed in both above-styled cases. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 17, 2002.

*Robert Greenwald*, for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.

---

[7] *Jackson v. Virginia*, supra.