A90A0565. BLANE v. THE STATE.
(393 SE2d 759)

SOGNIER, Judge.

Robert Blane was convicted of DUI, and he appeals from the judgment entered on the conviction.

1. In three enumerations of error appellant contends the trial court erred by allowing the State to present evidence of a prior DUI conviction entered against him five years earlier. Evidence was adduced that at the time of the prior crime, appellant was stopped by a police officer late at night after he pulled into the road in front of the officer's car. The officer arrested appellant after he smelled alcohol on appellant's breath and administered field sobriety tests. In the incident at bar, appellant was stopped late at night after a police officer observed him speeding and weaving across the centerline. The officer testified that appellant smelled of alcohol and failed several field sobriety tests.

As a general rule, in a criminal trial "evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. [Cits.]" *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). However, provided the State proves the defendant was the perpetrator of the prior act and there is " 'sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter, [cit.] . . . testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' [Cit.]" (Footnote omitted.) Id. at 655.

In the case at bar, we find sufficient similarity between the charged crime and the prior offense, as on both occasions appellant was observed driving in an unsafe manner late at night and was shown to be driving under the influence of alcohol. Accordingly, we find the evidence of the prior DUI was admissible to show course of conduct. *Kilgore v. State*, 176 Ga. App. 121 (1) (335 SE2d 465) (1985). Although the lapse in time between the prior offense and the instant charge is an important factor to be weighed in determining

the admissibility of the challenged evidence, it is not determinative, *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975), but "is a factor to be taken into consideration when *balancing* the probative value of the evidence against its potentially prejudicial impact." *Oller v. State*, 187 Ga. App. 818, 820 (371 SE2d 455) (1988). We find no abuse of discretion in the trial court's decision to admit evidence of a similar crime occurring five years earlier. See *Campbell*, supra.

2. Appellant also maintains, without citation of authority, that evidence of the prior DUI conviction should not have been considered during either the trial or the sentencing hearing because the earlier judgment was entered in Marietta Municipal Court, which had no jurisdiction over a state offense, and thus the judgment was void on its face. Since no evidence was adduced at trial indicating which court entered the previous judgment against appellant, and there is no transcript of the sentencing hearing in the record, there is nothing for this court to review. See *Williams v. State*, 188 Ga. App. 496, 499 (3) (373 SE2d 281) (1988). " 'We will not presume error from a silent record. The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. [Cit.]' [Cit.]" Id.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 2, 1990.

*Richard A. Coleman*, for appellant.

*James L. Webb, Solicitor, Elizabeth W. Morn, Helen A. Roan, R. Lee O'Brien, Jr., Assistant Solicitors*, for appellee.