## S90A1145. LEARY v. THE STATE.
(399 SE2d 63)

BELL, Justice.

Eddie Lamar Leary was convicted of felony murder, with armed robbery as the underlying felony, and was sentenced to life imprisonment.[1] He appeals, and we affirm.

1. In his first enumeration of error, Leary contends the trial court erred by denying a new trial on the general grounds, and in his fourth enumeration he contends the trial court erred by denying his motion for directed verdict based on sufficiency of the evidence. We find these enumerations have no merit.

There was evidence that Leary and his co-defendant, Willie Jerome Hicks, entered the victim's residence, robbed him, and killed him with a gunshot to his head. Considering the evidence in the light most favorable to the state, we conclude it was sufficient for a rational trier of fact to have found Leary guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61

---

[1] The crime occurred on September 14, 1988. Leary was indicted on November 1, 1988. The verdict was returned on March 10, 1989, and the sentence was filed on March 20, 1989. On April 10, 1989, Leary moved for a new trial. The court reporter certified the transcript on May 5, 1989. On June 30, 1989, the trial court denied the motion for new trial. On July 18, 1989, Leary filed his notice of appeal. The clerk of the trial court certified the record on May 23, 1990, and the record was filed in this Court on May 24, 1990. On July 6, 1990, the appeal was submitted for decision without oral argument.

LE2d 560) (1979).

2. Hicks was tried jointly with Leary and was convicted of felony murder. In Leary's second enumeration of error, he contends the trial court erred by failing to grant his motion to sever his trial from his co-defendant's trial. We find the court did not err. *Satterfield v. State*, 256 Ga. 593, 595-597 (3) (351 SE2d 625) (1987).

3. Leary's third enumeration concerns a pre-trial photographic identification by a witness. Leary contends the photographic display was impermissibly suggestive and resulted in a substantial likelihood that the witness' in-court identification of Leary was incorrect. We find no error, since a basis for the witness' in-court identification was established independent of the display. *Baxter v. State*, 254 Ga. 538, 545 (11) (331 SE2d 561) (1985).

4. In his fifth and final enumeration of error, Leary contends the trial court erred by denying his motion for mistrial after the prosecution did not provide Leary with allegedly exculpatory documents. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). However, the documents in question were made available to Leary at trial, and we therefore conclude this enumeration has no merit. *Castell v. State*, 250 Ga. 776, 781 (2) (b) (301 SE2d 234) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 1991.

*Giddens, Davidson, Mitchell & Eaton, Earl A. Davidson,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.