## A94A0116. HARPER v. THE STATE.
### (445 SE2d 563)

ANDREWS, Judge.

Harper appeals his convictions for driving under the influence, driving with a suspended license, hindering a police officer, and failure to produce proof of insurance. The sole enumeration of error is that the court erred in admitting evidence of two prior convictions of DUI because they did not tend to prove identity, course of conduct, or bent of mind.[1]

Viewed in favor of the jury's verdict, the evidence was that, around 11:00 p.m. on April 2, 1993, a woman walking a dog near the University of Georgia campus heard a noise which sounded like drag racing and screeching of tires. The sound was coming from a nearby intersection. Then, she heard a sound like tires coming up over a curb and then the noise stopped. She took a few steps to a point where she could see the intersection and saw a white truck stopped in the road, facing the wrong direction. As she watched, the truck's door opened and a man got out of the truck on the driver's side. He walked to the back of the truck. He then returned to the driver's door and was standing there when a police car drove up. The man ran when he saw the officer.

Officer Gaines was approaching the intersection when he saw several cars stopped and he went to check the problem. He saw a Chevy Luv white truck pointing in a northeast direction in the southbound lane. A man was standing in the open driver's door of the truck. Gaines activated his blue lights and the man ran. Although Gaines repeatedly yelled at the man to stop, he did not do so until Gaines caught him. The man, later identified as Harper, refused to cooperate and continued to struggle and curse the officer. Harper smelled of alcohol and his eyes were bloodshot. Officer Shedd arrived and assisted in the arrest. He noticed that both tires on the driver's side were flat

---

[1] To the extent that the enumeration contends that introduction of the like acts was "prejudicial," this objection is too vague and general to present any question for determination. *Benford v. State*, 189 Ga. App. 761, 763 (1) (377 SE2d 530) (1989).

and the wheel rims were damaged. He investigated the scene and discovered black tire marks on the west side of the road and gouges in the concrete curb. A key of the type used by Chevy trucks was found in Harper's pocket. Harper was read his implied consent warnings and refused to submit to any tests. All officers present were of the opinion he was intoxicated to the point it was less safe for him to drive. The truck bore the license XX 2346.

Harper testified that he had been drinking all day that day and had run into Scott at a local bar. They continued to drink and he asked Scott for a ride. He was the passenger in the Chevy truck when it crashed and Scott told him he was going to a friend's house to get help. Scott opened the driver's door and got out and Harper followed him. He was standing there when the officer drove up. Scott testified and supported Harper's contentions. He said the left tires "froze," making the truck impossible to drive. He went to his friend's, but no one was home so he walked on to his house where he got a car and returned about 45 minutes later. Although neither the truck nor Harper were there, Scott did not make any calls to the police or hospitals, but merely returned home.

Although nobody actually saw Harper driving the truck, there was sufficient circumstantial evidence from which the jury could conclude that he did. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); *Griffis v. State*, 163 Ga. App. 491 (1) (295 SE2d 197) (1982); *Lawrence v. State*, 157 Ga. App. 264 (1) (277 SE2d 60) (1981).

On March 19, 1992, an Athens police officer saw a white Chevy Luv truck, license XX 2346, weaving across the lane divider around midnight. He stopped Harper who evidenced symptoms of drunkenness. Harper registered .28 on the Intoximeter. On May 26, 1992, in Summerville, an officer received a report of a gas drive-off by a small white truck about 3:00 a.m. The officer shortly spotted the white Chevy Luv truck, license XX 2346, weaving and crossing the centerline. Harper was driving and could produce no license. Harper smelled of alcohol and had difficulty exiting the truck. The officer attempted one field test, but Harper nearly fell into the road attempting it. He registered .25.

These acts were admissible to prove identity, bent of mind, and course of conduct. *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED JUNE 16, 1994.

*David W. Griffeth*, for appellant.

*Kenneth W. Mauldin, Solicitor,* for appellee.