## A96A1727. FIELDS v. THE STATE.
(479 SE2d 393)

BIRDSONG, Presiding Judge.

Larry Lane Fields appeals his DUI conviction. He enumerates three errors. *Held*:

1. Appellant first contends the trial court erred by not charging as to the limited purpose for which the jury was authorized to consider evidence of similar transactions in its general jury charge. The record before us reflects that appellant failed to request the trial court to charge the jury regarding similar transaction evidence. Also the record reveals that, based on the request of both the appellant and the State, the charging conference was not subject to court reporter take-down and therefore is not part of the appellate record. The absence of a transcript precludes this Court from determining whether appellant properly requested the similar transaction charge at the charge conference; accordingly, this question will be resolved against the appellant on appeal. See *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500).

The issue remains whether the trial court erred by failing to instruct the jury sua sponte during its general charge as asserted in

appellant's first enumeration of error. The record reflects that while no such instruction was contained within the trial court's final jury charge, the trial court, immediately following the admission of the similar transaction evidence, expressly instructed the jury as to the limited purpose for which the evidence was admitted. The trial court instructed: "This testimony is to show the [appellant's] bent of mind and course of conduct. It's not for the truth of the statement, but to show that. So with that in mind, if you will continue." Appellant neither objected to the substance of this instruction nor requested further clarification thereof. Thus, appellant acquiesced by silence in the limiting instruction as given. See *State v. Pattee*, 201 Ga. App. 690, 693 (411 SE2d 751), citing *Horan v. Pirkle*, 197 Ga. App. 151 (1) (397 SE2d 734). Moreover, in a subsequent colloquy between the trial court and counsel conducted in the presence of the jury, the trial court stated: "I have ruled that it is admissible just to show bent of mind and . . . common course of conduct."

Under these circumstances we conclude that since appellant made no request to charge in proper form, he was not entitled to a limiting instruction either upon admission of the similar transaction evidence "or in the general charge." *Bell v. State*, 219 Ga. App. 553, 554 (2) (466 SE2d 68); compare *Farley v. State*, 265 Ga. 622, 626 (3) (458 SE2d 643), where the trial court gave the standard charge but did not give a more detailed unrequested charge as to the limited admissibilty of other transaction evidence. The case of *Prickett v. State*, 220 Ga. App. 244 (2) (469 SE2d 371), where the reported facts reflect that no limiting instruction of any type was given to the jury, is distinguishable and not controlling. Appellant's first enumeration of error, as crafted, is without merit.

We do not here decide whether appellant adequately reserved his objection to the charges on appeal by merely responding when asked to state any exceptions thereto that "on behalf of the [appellant], we have none at this time." We also do not reach a determination as to the content required in a general charge as to similar transaction evidence once a timely request therefor has been made in proper form. Compare *Farley*, supra, with *Adams v. State*, 208 Ga. App. 29, 37 (3) (e) (430 SE2d 35) (physical precedent only) and progeny.

2. Appellant contends the trial court erred in admitting similar transaction evidence sufficiently distinguishable from the offenses alleged so as to prejudice the jury against him. Unlike certain other criminal offenses, which can be committed under a variety of widely varying circumstances, "the crimes of driving after having been declared an habitual violator and driving under the influence are essentially committed under the same factual circumstances. The type of vehicle driven or the degree or source of intoxication[, or the

location and manner of driving,] may vary, but it is the simple act of driving . . . while under the influence that establishes the commission of those crimes. A prior act of driving while having that status or while in that condition would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct." *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638).

Additionally, there can be a substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. "[T]he issue of admissibility of extrinsic transactions has never been one of 'mere similarity.' It is, rather, 'relevance to the issues in the trial of the case.' 'Depending upon the purpose for which the extrinsic offense is offered, [e.g., where similar transaction evidence is offered to prove identity,] the state may be required to prove a high degree of similarity between relevant characteristics of the extrinsic offenses and the charged crimes, or it may only have the burden of showing a *logical connection* between crimes which are essentially dissimilar.'" (Citations omitted; emphasis in original.) *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316). The State was admitting the similar transaction evidence to prove bent of mind and course of conduct. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. See *Harris v. State*, 222 Ga. App. 52, 53 (2) (473 SE2d 232). Similar transaction evidence can be introduced to prove bent of mind when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense. See *Banks v. State*, 216 Ga. App. 326, 327 (2) (454 SE2d 784). Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind "to get behind the wheel of a vehicle when it's less safe for him to do so." For each of the above reasons appellant's contention is without merit.

3. Appellant's final enumeration is that the trial court erred in allowing a videotape to be displayed to the jury and submitted in evidence, as there was a lack of proper foundation laid as to the chain of custody of the videotape. The video camera was mounted in the patrol car of the arresting officer and the tape included audio and visual recordings of the events occurring during the administration of sobriety tests to appellant; however, the tape apparently did not reveal appellant's face during a significant portion of the incident. The arresting officer testified he had activated the video camera and that he had been trained and was competent to turn the camera on to record. The videotape remained in the VCR camera, located in the

trunk of the patrol car, until it was completely filled up with traffic stop recordings; the arresting officer then personally removed the tape from the camera, labeled it, and placed it in the police evidence room until it was needed in court. The officer examined the videotape label bearing his handwriting and identified the videotape as the one taken during the incident. He testified that he had reviewed the tape during his lunch hour and had ascertained that there were no changes or deletions to the tape; "it's the same as it was when it happened." He also testified that the tape accurately depicts the event and any conversation that took place on that evening when he was with appellant.

"A videotape, like an audiotape or a photograph, is a distinct recognizable physical object that can be identified upon observation." *Gadson v. State*, 263 Ga. 626, 627 (2) (437 SE2d 313). " 'Distinct physical object(s) that can be identified and differentiated by the senses of observation' are not 'subject to the "chain of custody" requirement.' [Cits.]" Id. "The chain of custody requirement does not apply to distinct and recognizable physical objects that can be identified upon observation, such as videotapes." *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294), citing *Gadson*, supra.

Additionally, following the introduction of the tape over appellant's objection as to lack of foundation showing an adequate chain of custody, appellant was provided with an opportunity to cross-examine the arresting officer at length regarding the contents of the tape and as to any perceived inconsistencies in his testimony earlier in the trial. Appellant has failed to show how the introduction of the videotape of his arrest prejudiced his right to a fair trial.

"Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal." *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901). Appellant has failed to meet either of these requirements. Appellant's third enumeration of error, as crafted, is without merit.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 15, 1996.

*Glyndon C. Pruitt*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Scott A. Drake, Richard E. Thomas, Assistant Solicitors*, for appellee.