## A96A2502. GUINN v. THE STATE.
(482 SE2d 480)

RUFFIN, Judge.

Fred Glenn Guinn appeals from his conviction for driving under the influence of alcohol. For reasons which follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows the following. Between 11:30 and 11:50 p.m. on February 19, 1994, Officer Kiker spotted Guinn's car traveling approximately 75-80 mph in a 55-mph speed zone. Kiker moved behind Guinn, who continued to travel 75-80 mph. As Kiker followed him, Guinn failed to stay in his lane, twice allowing the two left tires of his vehicle to move over the lane line. Kiker turned on his blue lights in an attempt to stop Guinn. Guinn did not stop, however, and approximately three-tenths of a mile later, Kiker also turned on his siren. According to Kiker, Guinn continued for approximately another mile before stopping.

Kiker approached Guinn's car and saw Guinn stumble towards oncoming traffic while attempting to exit the vehicle. As Kiker assisted Guinn back into the car, he detected a strong odor of alcohol about Guinn's person and noted that "[h]e had bloodshot eyes, his face was flushed, and his speech was also slow." Suspecting that Guinn was under the influence of alcohol, Kiker asked him to go to the rear of the car so that Kiker could administer various field sobriety tests. Guinn again exited the car unsteadily, and Kiker helped him to the rear of the vehicle. Before commencing the tests, Kiker asked Guinn whether he had any impairments or injuries to his legs or eyes. Guinn replied "no."

Kiker first administered the horizontal gaze nystagmus test by asking Guinn to track the movement of an ink pen with only his eyes. Based on Guinn's performance, Kiker believed that Guinn was under the influence of alcohol and that further field tests should be administered. Kiker next instructed Guinn on the walk-and-turn test, but Guinn was unable to keep his balance during the instructions. Kiker then asked Guinn to perform the one-leg stand test. Guinn could not complete that test or successfully perform the alphabet test. In addition, Guinn tested positive for alcohol on the alco-sensor. According to Kiker, Guinn also stated that he had his last alcoholic drink approximately three minutes before Kiker stopped him.

Based on Guinn's appearance, performance on the field sobriety tests, and driving conduct, Kiker concluded that Guinn was under the influence of alcohol and was a less safe driver. Officer Clark, who reported to the scene and transported Guinn to the police station, similarly concluded that based on his contact with Guinn and Guinn's demeanor and appearance, Guinn was under the influence of alcohol to the extent that he would be a less safe driver.

1. In his first enumeration of error, Guinn argues that the trial court erred in allowing the State to introduce evidence of prior convictions for DUI offenses in 1988 and 1989. We disagree.

(a) Guinn first claims that the State improperly offered this similar transaction evidence only to show his "general bad character." "As a general rule, in a criminal trial evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. However, provided the State proves the defendant was the perpetrator of the prior act and there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." (Citations and punctuation omitted.) *Blane v. State*, 195 Ga. App. 504 (1) (393 SE2d 759) (1990). On appeal, Guinn does not dispute that the State proved he was the perpetrator of the prior acts.

At a similar transaction hearing held before trial, the State proffered certified copies of the prior convictions and outlined the following similarities between those offenses and this case. The prosecutor stated that the 1989 case involved speeding and, as in this case, the two prior offenses involved a failure to maintain lane. All three offenses occurred during the late night to early morning hours, and in each case Guinn could not keep his balance without assistance or complete the field sobriety tests. Furthermore, in each of the three cases Guinn admitted that he had been drinking alcohol.

The State further asserted that the prior transactions "go to

show [Guinn's] course of conduct and the bent of mind." Drawing a connection between the two prior offenses and this case, the State argued that "the similar connection between these two is you have these two DUIs. You know the defendant was intoxicated, and you have the exact same manifestations in those prior DUIs tending toward his intoxication as you have in this case." Agreeing, the trial court found that the probative value of the prior offenses outweighed their prejudicial effect and concluded that the State could introduce them "to show that the reason [Guinn] could not complete the tests was due to intoxication, as it has been on two previous occasions."

We find no error in the trial court's decision. Rather than injecting evidence of bad character, the prior convictions were admissible to show course of conduct and bent of mind in this case. As we recently determined, "[s]imilar transaction evidence can be introduced to prove bent of mind when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense. [Cit.] Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind 'to get behind the wheel of a vehicle when it's less safe for him to do so.' " *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996). "A prior act of driving while [under the influence] would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct." *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

We reject Guinn's further claim that the trial court erred in admitting the prior transactions because they occurred approximately five and six years before the instant offense. As we have previously found, " '(w)here "similar transaction" evidence has been admissible otherwise, lapses of time of 11 years (*Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985)) and of 19 years (*Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877) (1985)) have not demanded that the evidence was inadmissible.' [Cit.]" *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993). We find no grounds for excluding this evidence based on a lapse of time.

The trial court properly concluded that the two prior offenses were logically connected to the instant offense and relevant to establish Guinn's course of conduct and bent of mind in this case. Accordingly, the evidence was admissible. See *Okross v. State*, 210 Ga. App. 132, 133 (2) (435 SE2d 454) (1993).

(b) Guinn also argues that the State failed to timely and properly file and serve notice of its intent to use similar transaction evidence, as required by the Uniform Superior Court Rules.

Pursuant to Uniform Superior Court Rule ("USCR") 31.1, notice

of the State's intention to present similar transaction evidence must be given and filed at least ten days before trial, unless the time is shortened or lengthened by the judge. Such notice "shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." USCR 31.3 (B).

The record shows that the State served its notice of intent to present similar transaction evidence on November 28, 1994, and filed the notice on November 29, 1994. For both prior offenses, the notice indicated the date, charge, county, and witnesses involved. The State attached to this notice a copy of the 1989 traffic citation and Guinn's corresponding guilty plea, as well as a copy of the traffic citation, accusation, and nolo contendere plea relating to the 1988 offense. Subsequently, on January 12, 1995, the State provided Guinn with addresses for two of the three witnesses listed in its initial notice and indicated that it was trying to locate the third witness. The trial of this case commenced on March 20, 1995.

We find that the State fully complied with USCR 31.3 well over ten days before trial. Accordingly, this argument has no merit.

2. In his second enumeration, Guinn argues that the trial court improperly admitted evidence of his positive alco-sensor reading without a proper foundation. We disagree.

In *Ronskowsky v. State*, 190 Ga. App. 147, 148 (2) (378 SE2d 185) (1989), we found that the State laid a proper foundation for introducing an alco-sensor test when "[p]rior to resting its case, [it] introduced into evidence a document certifying that the device at issue had been approved for use in Georgia by the GBI's Division of Forensic Sciences." As in *Ronskowsky*, the record reveals that before resting, the State presented a document certifying that the type of alco-sensor used in this case was approved by the GBI. The trial court admitted that document as a court exhibit.

Given this certification, we find that the State presented a proper foundation for the alco-sensor test. Guinn argues that the alco-sensor device at issue was not approved by the federal government and thus the results should not have been admitted. Federal approval, however, need not be shown to lay a foundation for the test. The State need show only "that the device is of a design approved by the [GBI's Division of Forensic Sciences]. . . ." *Turrentine v. State*, 176 Ga. App. 145, 146 (1) (335 SE2d 630) (1985). Accordingly, this enumeration of error has no merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 26, 1997 — 

*William C. Head*, for appellant.

*Benjamin F. Smith, Jr., Solicitor, Cindi L. T. Yeager, Barry E. Morgan, Assistant Solicitors*, for appellee.