A98A0389. TAM v. THE STATE.
(501 SE2d 51)

SMITH, Judge.

This is the second appearance of this case in this Court. In *Tam v. State*, 225 Ga. App. 101 (483 SE2d 142) (1997) (*Tam I*), we found that the evidence supporting Kitman Tam's conviction for the offenses of DUI and following too closely was sufficient. We reversed and remanded for a new trial, however, because the trial court did not make the necessary findings on the record before admitting evidence of Tam's two prior DUI convictions as similar transactions. Id. at 102-103 (2). Tam was retried and reconvicted, and he now appeals, enumerating as error the admission of the similar transaction evidence. We find no merit in Tam's contentions, and we affirm the judgments below.

1. The trial court ruled that the prior DUI convictions were admissible to show Tam's "bent of mind and/or course of conduct." Tam recognizes that this Court has held repeatedly that such evidence is properly admitted for that purpose in DUI cases. See, e.g., *Guinn v. State*, 224 Ga. App. 881, 882-883 (1) (a) (482 SE2d 480) (1997); *Fields v. State*, 223 Ga. App. 569, 570-571 (2) (479 SE2d 393) (1996); *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992); *Blane v. State*, 195 Ga. App. 504, 505 (1) (393 SE2d 759) (1990). But he urges this Court "to rethink the place of prior DUI convictions in a DUI trial," maintaining that because the crime of DUI does not require intent, the "bent of mind" of the accused is irrelevant. We reject Tam's invitation to overrule this well established law.

"A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. Intent is therefore an essential element of all crimes except those involving criminal negligence, although some crimes require an additional showing of specific intent. To prove DUI, the State need not prove intent to commit the crime; but it must show the condition of being under the influence of alcohol to the extent of impairment and the intent to drive while in this condition. This general intent may be inferred from the conduct of the accused and other circumstances. OCGA § 16-2-6. A prior conviction for DUI is evidence demonstrating that an accused "has the bent of mind 'to get behind the wheel of a vehicle when it's less safe for him to do so.'" *Fields*, supra at 571 (2). It is for that reason our courts

have held that a prior act of driving while under the influence "would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. [Cits.]" *Kirkland*, supra.

2. Tam also argues that even if similar transactions are generally admissible in DUI cases, they were not in this case because the prior offenses were insufficiently similar. We do not agree. We have held that unlike other crimes, the crime of DUI is committed under the same factual circumstances: driving while under the influence. Evidence of prior DUI offenses is therefore admissible regardless of slight variation in circumstances surrounding their commission, such as the type of vehicle driven, the location, or the degree or source of intoxication. *Kirkland*, supra.

Moreover, the trial court in this case found "striking" similarities, including the time of day, the location, driving characteristics, physical manifestations, and the fact that the offenses were fairly recent. This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 2, 1998.

*Chad A. McGowan*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Allison L. Thatcher, Assistant Solicitor*, for appellee.