## A98A1332. NAMETH v. THE STATE.
### (505 SE2d 778)

Judge Harold R. Banke.

At the conclusion of a bench trial, Daniel G. Nameth, Jr., was convicted of driving under the influence. On appeal, Nameth enumerates two errors.

The evidence, when viewed in a light most favorable to the verdict, showed that Nameth was stopped at a routine roadblock.[1] As Georgia State Patrol Trooper, J. C. Brown, asked Nameth to produce his license and insurance card, Brown detected a strong odor of alcoholic beverage coming from inside Nameth's Jeep. Brown saw that Nameth had two passengers and spotted an open beer bottle in the console. At that point, Brown directed Nameth to pull over onto the shoulder and asked him to step from his vehicle. Although Brown detected a strong odor of alcoholic beverage emitting from Nameth's person, Nameth initially denied consuming any alcohol. But when Brown stared at him, Nameth volunteered to having had one beer. After Brown obtained a positive reading on a portable alcosensor, Nameth admitted to having consumed five beers, whereupon Brown administered two field sobriety tests. Nameth, however, was not able to successfully execute the one-leg stand and walk and turn tests. After Nameth failed the two field tests, Brown arrested him and advised him of his implied consent rights. Brown testified that he would not have placed Nameth under arrest solely on the basis of the alcosensor result. While in custody, Nameth adamantly refused to submit to further testing. The trial court admitted testimony about a prior DUI incident because the court found that in the absence of scientific evidence of Nameth's blood alcohol concentration in this case, evidence of Nameth's course of conduct and bent of mind was being offered for a proper purpose. *Held*:

1. Nameth contends that the trial court erred by admitting evidence of a prior nolle prossed DUI which did not prove any material element in dispute and for which the State failed to show a proper purpose for its admission. We disagree. Evidence that Nameth had previously operated a vehicle while under the influence of alcohol

---

[1] Initially, Nameth attempted to contest the propriety of the roadblock under Fourth Amendment jurisprudence, but the Supreme Court transferred this case after noting that the law was well-settled on that issue.

was relevant to prove bent of mind or course of conduct indicating that Nameth would attempt to drive notwithstanding his prior consumption of alcoholic beverages. *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996); *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

2. Nameth contends that evidence from the field sobriety tests should have been excluded because he had not been warned of his rights against self-incrimination. Brown testified without contradiction that he believed that he lacked sufficient grounds to arrest Nameth until after Nameth failed the field sobriety tests. In these circumstances, Nameth was not in custody at the time of the field testing, so warnings against self-incrimination were not required. *State v. Pastorini*, 222 Ga. App. 316, 318 (1) (474 SE2d 122) (1996); *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988). Compare *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998) (where defendant told she was going to jail regardless of performance on field evaluations, she was in custody).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 7, 1998 —
RECONSIDERATION DENIED AUGUST 19, 1998.

*William C. Head*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Allison L. Thatcher, Assistant Solicitor*, for appellee.