## A08A1647. WADE v. THE STATE.
(670 SE2d 864)

BLACKBURN, Presiding Judge.

Following a bench trial, factually stipulated for trial purposes (to preclude the State's witnesses from having to appear), while preserving the due process issues for appellate review, Brittany Wade appeals her conviction of DUI less-safe,[1] contending that her bent of mind or intent is not an element of this crime and that the use of similar transaction evidence to show the same is prejudicial and not needed by the State. While acknowledging, for the purpose of the

---

[1] OCGA § 40-6-391 (a) (1).

bench trial, that Georgia appellate cases currently authorize such similar transaction evidence, she contends that such holdings violate her federal and state constitutional right of due process as they permit the introduction of evidence of a separate crime with no logical connection between the two. The bent of Wade's mind or her intent at the time of her current charge is not a necessary element of proof by the State in the trial of this DUI case. It is not probative, is not needed by the State, and is inherently prejudicial. See *Cawthon v. State*.[2]

The State argues that Wade waived her argument on appeal by failing to object to the similar transaction evidence when it was admitted during the bench trial. Wade however, was explicit that she consented to the stipulated bench trial for the purpose of preserving her constitutional and statutory challenge on appeal to the Georgia law of similar transaction evidence. It is clear from the record that Wade outlined her objections at the bench trial, that she acceded to the admission of the evidence only for "purposes of what we're doing in the stipulated bench trial." In a discussion between Wade's counsel and the trial court concerning the stipulation of facts for a bench trial and to avoid having to call witnesses, the following was said:

> THE COURT: There will not be any appealable issue other than whether constitutionally the similar transaction should come in.
> [COUNSEL]: Well, we did a statutory challenge, too. Statutory and constitutional.
> THE COURT: Right. Statutory and constitutional.
> [COUNSEL]: That's the only issue, yes. . . . [T]hat's why we're doing this stipulated bench trial, to save court time and not drag a jury through this case.

The State provided notice of its intent to introduce at trial a prior DUI conviction to show Wade's bent of mind and course of conduct, and the trial court held a hearing during which Wade stipulated to the admission of such evidence at trial only to prevent the State's witnesses from having to appear, but reserved, with the court's permission, the issue of the constitutionality of the admission of such evidence for appellate review. We therefore treat Wade's arguments as preserved for appeal.

Wade argues that the admission of similar transaction evidence in a case such as this, a generic DUI charge arising from a roadside

---

[2] *Cawthon v. State*, 119 Ga. 395, 409 (4)-(6) (46 SE 897) (1904).

traffic stop, violates due process. As Wade notes, the law in Georgia has evolved to the point of allowing the inclusion of similar transaction evidence in the trial of an unrelated offense to prove, among other things, the defendant's bent of mind, as was done here. See, e.g., *Cunningham v. State*;[3] *Reese v. State*.[4] Wade argues that in recognizing such an exception to the ordinary bar against admitting evidence of unrelated criminal acts, Georgia law and the trial court violated the long-standing principle that evidence of an independent offense or act committed by the accused is *highly and inherently prejudicial*, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion and thereby putting the accused's character in issue. "An accused is: entitled to be tried for the offense charged in the indictment, independently of any other offense not connected with the transaction upon which the indictment was based." *Williams v. State*.[5]

When the case was called for trial, Wade stipulated to facts which showed that she was arrested and charged with DUI based on an officer's description of her driving behavior and subsequent performance of field sobriety tests. Based on the stipulated facts, the trial court found Wade guilty of DUI less-safe in a bench trial.

Compounding this danger of improper prejudice, the probative value is low in cases such as this, where a generic DUI offense is at issue, because the State does not need evidence of a prior act to show motive, intent, identity, plan, scheme, or other generally accepted rationale for admitting such evidence. As we have already recognized, in exercising discretion as to whether to admit the inflammatory evidence of prior acts,

> the court should consider whether the State's *need* for the similar transaction evidence outweighs the prejudice inherent to the defendant. This consideration consists of at least two questions. First, is the issue for which the State is introducing the evidence a genuinely disputed issue? For example, if identity is the State's announced purpose but is not an issue contested by defendant, then the probative value of the similar transaction evidence is acutely if not fatally diminished.

(Citation and punctuation omitted; emphasis in original.) *Smith v.*

---

[3] *Cunningham v. State*, 255 Ga. 35, 37 (4) (334 SE2d 656) (1985).

[4] *Reese v. State*, 252 Ga. App. 650, 652 (2) (556 SE2d 150) (2001).

[5] *Williams v. State*, 261 Ga. 640, 641-642 (2) (a) (409 SE2d 649) (1991).

*State*.[6] As Wade's identity was not at issue, and as DUI is not a crime of specific intent, Wade contends that there was no need for the State to introduce the evidence.

Wade argues that because our courts have accepted the bent of mind rationale for admitting evidence of prior acts, courts have deprived defendants of their due process right to a fair trial on the accused offense. Indeed, Wade points out that Georgia is the only state to recognize the bent of mind exception, and we have found no authority to the contrary. Professor Paul S. Milich has studied the topic and observed that " '[b]ent of mind' is neither a traditional nor widely accepted category for the admission of independent crimes or acts. Indeed, no other American jurisdiction uses it."[7] It is this unique feature of Georgia's law that Wade now challenges.

As then Justice Sears stated, a person's "bent of mind is dangerously close to being his character, and a person's course of conduct could easily show nothing more than a mere propensity to act in a certain manner." *Farley v. State*.[8] "Rarely[ ] will mere similarity be sufficient to establish a logical connection between a prior act and the charged offense," yet

> [t]rial courts often allow independent crime evidence only because the circumstances of the independent crime are somewhat similar to the circumstances of the crime charged, without sufficient analysis of whether, because of that similarity, the independent crime evidence is actually relevant to an issue being tried.

Id. at 627, 629 (Fletcher and Sears, JJ., concurring specially).

Nevertheless, we are not authorized to depart from the precedent of the Supreme Court of Georgia authorizing the bent of mind rationale for admitting similar transaction evidence here. See, e.g., *Farley v. State*, supra, 265 Ga. at 626 (2); *Pecina v. State*;[9] *Cunningham v. State*, supra, 255 Ga. at 37 (4); *Tam v. State*[10] (rejecting invitation to overrule established law and holding that "[a] prior conviction for DUI is evidence demonstrating that an accused has the bent of mind to get behind the wheel of a vehicle when it's less safe for him to do so") (punctuation omitted). Only the Supreme Court of Georgia or the Georgia General Assembly has the authority to depart from this state's established (and unique) rule on the

---

[6] *Smith v. State*, 232 Ga. App. 290, 292 (1) (501 SE2d 523) (1998).

[7] Paul S. Milich, Courtroom Handbook on Georgia Evidence, p. 258 (2008).

[8] *Farley v. State*, 265 Ga. 622, 630 (458 SE2d 643) (1995) (Sears, J., concurring specially).

[9] *Pecina v. State*, 274 Ga. 416, 420 (4) (554 SE2d 167) (2001).

[10] *Tam v. State*, 232 Ga. App. 15, 15-16 (1) (501 SE2d 51) (1998).

admissibility of similar transaction evidence. Accordingly, we are constrained to affirm the trial court's judgment, notwithstanding appellant's due process arguments.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED DECEMBER 2, 2008 — 

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.

*Barry E. Morgan, Solicitor-General, Alan J. Levine, Assistant Solicitor-General, Rebecca S. Walton-McFalls*, for appellee.

*Benjamin S. Richardson*, amicus curiae.